## UNITED STATES v. ROBERTO.

Circuit Court of Appeals, Third Circuit.
February 21, 1928.

No. 3669.

Aliens ⊜68(6)—To review order of naturalization, record should contain the evidence.

Where government desires to review order admitting alien to citizenship, testimony should be recorded at the hearing, or an abstract thereof should be certified by the judge when the case is appealed.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

On petition of Martino Roberto for naturalization. To review an order admitting petitioner to citizenship, the United States brings error. Reversed, with directions.

John D. Meyer and Raymond D. Evans, both of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal by the United States from an order in the court below admitting Martino Roberto to citizenship. He was not represented by counsel, and if the entire testimony showed nothing but the facts recited in the government's statement the court below committed error. Without in any way reflecting on the representatives of the government, we may say that no record was made at the time of the testimony, the statement of the case was not submitted to the court, and the petitioner had no opportunity to include his proofs, if such were made.

Having in view the great care and caution exercised by the judge below in naturalization cases, we reverse the case, with the direction to rehear the petition and receive and record the applicant's proofs, and the court, with their consent, appoint Adrian Bonnelly and John M. Di Silvestro as counsel to represent him. It is suggested that hereafter, when the government desires to review naturalization cases, the testimony be recorded at the hearing, or that an abstract thereof be certified by the judge when the case is appealed.